# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE INDIANA

2011 SEP -6 AM 10: 39

FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST ALBIERO, pro se<br>PLAINTIFF | )<br>)<br>) |
| -vs- | )<br>) No **No 4:11-CV-00045** |
| The Town of Goodland, Indiana<br>An Indiana Municipal Corporation<br>&<br>James Butler individually<br>and as employee<br>of Town of Goodland, Indiana<br>&<br>Hunter Reece individually<br>and as employee<br>of Town of Goodland, Indiana<br>&<br>Barce & Reece PC<br>as Legal Firm<br>of Town of Goodland, Indiana | )<br>)<br>) equitable relief sought<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) JURY DEMANDED |
| DEFENDANTS | ) JUDGE<br>)<br>) Joseph S. Van Bokkelen<br>)<br>) Magistrate<br>)<br>) Paul R. Cherry |

# 1st AMENDED COMPLAINT
## Allowed Pursuant to FRCP Rule 15 (a)(1)(A)
## PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

Now comes the Plaintiff ERNEST ALBIERO, pro se, and for his 1st Amended Complaint states as follows:

1. This is a civil action seeking judgment, relief and damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, & 42 U.S.C. § 12132 as amended, for discrimination based upon a disability and the failure to accommodate same

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(4). **That The Plain Language of the ADA Does Not Require Plaintiff To Pursue State Administrative Remedies Before Filing Suit In Federal Court.**

> In any inquiry into the meaning of a statute, "[t]he language of the statute [is] the starting place." Robinson v. Shell Oil Co., 519 U.S. 337, ___, 117 S. Ct. 843, 849 (1997). The Supreme Court has instructed "time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992).

The ADA, 42 U.S.C. § 12181 et seq., provides that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

3. Venue is proper in this District as defendants reside in, and the cause of action arose herein. A Jury is requested.

## PARTIES

4. Plaintiff Ernest Albiero (Albiero) is a citizen and resident of the Northern District of Illinois and owns parcels of real property in Newton County Indiana, situated in the Town of Goodland, Indiana. Presently he is a disabled veteran, forced into retirement (sic) because of service (U.S.Army) connected conditions. He is now on a limited fixed disability income. Albiero is <u>100% disabled by Veterans Administration standards. Albiero is 100%disabled by Social Security standards. Albiero receives special compensation for wounds/disabilities received in combat as a member of the armed forces (Army). (Service Connected Disabilities)</u>

5. Defendant Town of Goodland, Indiana, is a Municipal Corporation.

6. Defendant James Butler is a citizen and resident of the State of Indiana, and is a council person for the Town of Goodland and the building enforcement officer also a member of an evidentiary hearing committee,(sic).

7. Defendant Hunter Reece is a citizen and resident of the State of Indiana and is a council person for the Town of Goodland Town Attorney ,also a member of an evidentiary hearing committee,(sic).

8. Albiero's disabilities are,…. severely hearing disabled. Heart condition brought about by chemical defoliants (Agent Orange) exposure as a rifleman in Vietnam. Diabetes brought about by chemical defoliants (Agent Orange) exposure as a

rifleman in Vietnam.. Post Traumatic Stress disorder brought about by Traumatic events exposure as a rifleman in Vietnam.

# BACKGROUND

In March, 2011 Plaintiff Ernest Albiero was the subject of an evidentiary hearing (sic) conducted by The Town of Goodland, Indiana in the Town of Goodland. The room the hearing took place is the regular town hall room (sic) approximately 12 x 22 in size during the regular Town Meeting.

When many people are in the room hearing is difficult because background noise prevents hearing aids to be effective. As was noted in the commentary on American s with Disabilities Act.
 The Town of Goodland, Indiana, has no procedure or accommodation for hearing impaired .  A court reporter was present during the above town meetings date. On the meeting in March, Albiero was forcibly ejected from the meeting because he was unable to hear the comments of the panel, and was told to shut up. A police officer ejected Albiero at the request of Defendant James Butler from the meeting and further that this was published in the local paper.

Defendant James Butler was at the time being sued personally by Albiero and was the person who ordered the forced ejection of Albiero.

The nature of this Complaint is the Failure of Defendant Village of Goodland to make accommodations, and the retaliation of Jim

Butler for being sued. Using Albieros Disability against him maliciously.

Punitive damages are requested in all of the below counts to an amount to defer future violations.

# COUNT I
Failure to Accommodate Hearing Impaired inter alia

1. That all of the allegations in all Counts and references above and below are incorporated into this Count by reference.

2. That 42 U.S.C. § 12101(a)(2). States:[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. And that Plaintiff Albiero is/has a qualified disability (severe hearing loss) and has been excluded.

3. That as directed by Congress, the Attorney General issued regulations implementing title II, which are based on regulations issued under section 504 of the Rehabilitation Act.[1] *See* 42 U.S.C. § 12134(a); 28 C.F.R. § 35.190(a); Executive Order 12250, 45 Fed. Reg. 72995 (1980), *reprinted in* 42 U.S.C. § 2000d-1. The title II regulations require public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). The preamble discussion of the "integration regulation" explains that "the most integrated setting" is one that

"enables individuals with disabilities to interact with nondisabled persons to the fullest extent possible . . . ." 28 C.F.R. Pt. 35, App. A (2010) (addressing § 35.130). And that The Town of Goodland Indiana has failed to provide any facilities for the hearing impaired what so ever, to the detriment of plaintiff Ernest Albiero

4. That 28 C.F.R. § 35.130(b)(7). States that The obligation to make reasonable modifications may be excused only where a state demonstrates that the requested modifications would "fundamentally alter" the programs or services at issue. And that the Village administration would not be fundamentally altered therefore there is no excuse for the Towns failure to accommodate.

5. That § 35.163 (a) states,... (a) A public entity shall ensure that interested persons, including persons with impaired vision or hearing, can obtain information as to the existence and location of accessible services, activities, and facilities. The Town of Goodland has no signage what so ever nor is any information offered by any other means in violation of the above statute. See Exhibit A, photos of Goodland Town Hall exterior and interior.

6. (That § 35.163 (b) states,... A public entity shall provide signage at all inaccessible entrances to each of its facilities, directing users to an accessible entrance or to a location at which they can obtain information about accessible facilities. The international symbol for accessibility shall be used at each accessible entrance of a facility. The Town of Goodland has no signage what so ever nor is any information offered by any other means in violation of the above statute.

7. That Plaintiff asked for accommodation in front of witness

6

and on the recorded transcript but the request was ignored, and disregarded. See Exhibit B affidavit of Jerry Berard attached.

Wherefore, the plaintiff prays for the following relief,

For the entry of judgment in his favor and against the Town of Goodland, in the amount of $2,000,000.00

# COUNT II
Ejection of Albiero from Public Meeting (deprivation)

1. That all of the allegations in all Counts and references above and below are incorporated into this Count by reference.
2. That Albiero was ejected from a public meeting because he was unable to hear nor was accommodated to hear with a qualified severe hearing loss.
3. That on the date(s) of deliberate discrimination Defendant Town of Goodland  was being sued  by Plaintiff Albiero.
4. That Allbiero has sued members of the town board and the town of Goodland.
5. That § 35.134  (a) states ...No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. And that the Town of Goodland has discriminated against Albiero in disregard for this statute.

6. That (§ 35.134  b) states No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part. And that the Town of Goodland has discriminated against Albiero in disregard for this statute

7. That Plaintiff asked for accommodation in front of witness and on the recorded transcript but the request was ignored, and disregarded. See Exhibit B affidavit of Jerry Berard attached.

**Wherefore,** the plaintiff prays for the following relief,

For the entry of judgment in his favor and against the Town of Goodland in the amount of $2,000,000.00  Punitive damages are requested

# COUNT III
### Retaliation conduct of James Butler

1. That all of the allegations in all Counts and references above and below are incorporated into this Count by reference.

2. That on the date(s) of deliberate discrimination Defendant  James Butler was being sued personally by Plaintiff Albiero.

3. That § 35.134 (a) states ...No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. And that Defendant James Butler willfully and wantonly disregarded Plaintiff Albieros rights under the Act and ejected him from a public meeting to which he was entitled to attend and not affording Albiero any accommodation to his disability. The actions of Defendant James butler were wanton and malicious. The Town of Goodland has discriminated against Albiero in disregard for this statute.

4. That § 35.134 (b) states No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part. And that the Defendant James Butler has discriminated against Albiero in disregard for this statute. This was accomplished by the forceful ejection Albiero in retaliation of prior exercise of Albieros Constitutional rights.

5. That Plaintiff asked for accommodation in front of witness and on the recorded transcript but the request was ignored, and disregarded. See Exhibit B affidavit of Jerry Berard attached.

**Wherefore**, the plaintiff prays for the following relief,

For the entry of judgment in his favor and against the Town of Goodland as respondent superior, and James Butler as an individual, and each of them, in the amount of $ 2,000,000.00 Punitive damages are requested

## COUNT IV
Retaliation conduct of Hunter Reece

1. That all of the allegations in all Counts and references above and below are incorporated into this Count by reference.

6. That on the date(s) of deliberate discrimination Defendant Hunter Reece was being sued personally by Plaintiff Albiero.

7. That § 35.134 (a) states ... No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. And that Defendant Hunter Reece willfully and wantonly disregarded Plaintiff Albieros rights under the Act and assisted the ejection of him from a public meeting to which he was entitled to attend and not affording Albiero any accommodation to his disability, in disregard of his duties and obligations both the American Bar Association Rules of Professional Conduct and the rules of ethics mandated by Federal law. The actions of Defendant Hunter Reece were wanton and malicious. The Town of Goodland has discriminated against Albiero in disregard for this statute.

8. That § 35.134 (b) states No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part. And that the Defendant Hunter Reece has discriminated against Albiero in disregard for this statute. This was accomplished by the forceful ejection Albiero in retaliation of prior exercise of Albieros Constitional rights.

9. That Plaintiff asked for accommodation in front of witness and on the recorded transcript but the request was ignored, and disregarded. See Exhibit B affidavit of Jerry Berard attached.

**Wherefore**, the plaintiff prays for the following relief,

For the entry of judgment in his favor and against the Town of Goodland as respondent superior, and Hunter Reece as an individual, Barce & Reece PC as Legal Firm of Town of Goodland, Indiana and each of them, in the amount of $ 2,000,000.00 Punitive damages are requested.

That all of the above declarations, averments, and allegations are based on the facts available to Plaintiff, and that Plaintiff verifies the statements are his own, and to his best truthful belief.

Respectfully submitted,

Ernest Albiero Plaintiff Pro Se

Ernest Albiero
PO Box 75
Big Rock, Il 60511
630.556.3232
corkyalbiero@wmconnect.com