United States District Court
Northern District of Indiana
Hammond Division

Ernest Albiero,

        Plaintiff,

v.

The Town of Goodland, Indiana,
an Indiana Municipal Corporation, et. al.,

        Defendants.

Case No. 4:11-CV-0045-JVB

**OPINION AND ORDER**

In March 2011, Plaintiff Ernest Albiero attended an evidentiary hearing conducted by the Town of Goodland, Indiana, regarding the condition of Plaintiff's two parcels of real property. Following the meeting, Plaintiff sued the Town of Goodland, James Butler and Hunter Reece, in their individual and official capacities, and Barce & Reece, P.C., as legal counsel for the Town of Goodland.[1] Plaintiff, who is allegedly severely hearing disabled, contends that the Defendants violated the Americans with Disabilities Act ("ADA") by failing to accommodate him at the hearing, by depriving him of services, and by retaliating against him for complaining about the Town's failure to accommodate the Plaintiff. Plaintiff also alleges that Defendants retaliated against him because and he had previously filed suit against Defendants in a separate matter. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that it fails to state a claim upon which relief can be granted. The Court grants in part and denies in part Defendants' Motion to Dismiss.

---

[1] Plaintiff also alleges that he suffers from several other disabilities including conditions that resulted from his time spent serving as a rifleman in Vietnam: a heart condition brought about by exposure to chemical defoliants, diabetes brought about by exposure to chemical defoliants, and post-traumatic stress disorder brought about by exposure to traumatic events in Vietnam.

1

A.      **Standard for Evaluating Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1940 (quoting *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Because Plaintiff if proceeding *pro se*, his pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, courts liberally construe *pro se* complaints. *Id*. (citation omitted); *see also Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally."). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the

---

[2]     In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citations omitted).

**B.     Factual and Procedural Background**

In March 2011, Plaintiff attended an evidentiary hearing conducted by the Town of Goodland, Indiana, regarding the condition of Plaintiff's two parcels of real property. Plaintiff alleges that the number of people in the Town Hall where the evidentiary hearing took place made it difficult for him to hear and that the level of background noise prevented hearing aids from being effective in the room. Plaintiff contends that he asked for a hearing accommodation but that the request was ignored. Following Plaintiff's request for aid, Plaintiff alleges that he was forcibly ejected from the meeting. Plaintiff maintains that the reason for his dismissal was because he requested accommodation and because he was suing Defendant James Butler and Hunter Reece personally on the date of the alleged discrimination.

On August 15, 2011, Plaintiff filed his *pro se* Complaint pursuant to Title II of the ADA against the Town; Barce & Reece, P.C., as legal representative of the Town; and James Butler and Hunter Reece, individually and as employees of the Town. On September 6, 2011, Plaintiff later amended his complaint. Defendants filed their Motion to Dismiss on September 19, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded to Defendants' motion on September 23, 2011. Defendants' replied on September 28, 2011. On October 3, 2011, Plaintiff also filed a Motion for Default Judgment stating that the Defendants did not provide a responsive pleading to Counts I and II of Plaintiff's First Amended Complaint.

**C.     Discussion**

**(1)     Motion for Default Judgment**

In his Motion for Default Judgment, Plaintiff argues that Defendants have not provided a responsive pleading to Counts I and II of Plaintiff's First Amended Complaint and thus a default judgment against Defendants is warranted. Federal Rule of Civil Procedure 55 controls the condition for entering default judgment: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defendant, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, Federal Rule of Civil Procedure 8 explains that "a pleading that states a claim for relief must contain: . . . [a] short and plain statement of claim showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8. Further, Federal Rule of Civil Procedure 10 describes the form that must be used when stating a claim: "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10.

Plaintiff's First Amended Complaint contains a section of unnumbered paragraphs which Plaintiff has entitled "Background." Each count of Plaintiff's First Amended Complaint incorporates the Background section. Thus, relying on Federal Rule of Civil Procedure 10, Defendants contend that the Background section of Plaintiff's Complaint was improperly plead. Defendants assert that they do not have to specifically respond to the counts contained in Plaintiff's Amended Complaint because they are improperly plead. Rather, Defendants argue that they have responded to Counts I and II of Plaintiff's First Amended Complaint by objecting to its contents. Therefore, Plaintiff's Motion for Default Judgment is denied.

**(2)     Motion to Strike the Background Section and Exhibits A and B from Plaintiff's First Amended Complaint**

With regard to Plaintiff's First Amended Complaint, Defendants also argue that the Complaint contains improper photographic evidence. Specifically, attached to Plaintiff's First Amended Complaint is a number of photographs labeled as Group Exhibit A and an Affidavit labeled as Exhibit B. In an Order entered on August 31, 2011, this Court characterized these same exhibits, which were attached to Plaintiff's first complaint, as "evidence [the Plaintiff] may wish to use at trial." The Court found that the inclusion of the exhibits was premature. Plaintiff's request to admit the photographic evidence in order to preserve the date taken was therefore denied. Plaintiff has again attempted to include photographic evidence and an Affidavit, which is evidence he may later wish to use at trial. This action still remains premature. Consequently, the Court strikes Exhibits A and B from Plaintiff's First Amended Complaint.

**(3)     Defendants' Motion to Dismiss**

The Court next addresses Defendants' Motion to Dismiss for failure to state a claim (DE 24). Within their Motion to Dismiss, Defendants ask that the Court dismiss Plaintiff's request for punitive damages; Plaintiff's claims against Barce and Reece, P.C., in their capacity as law firm to the Town of Goodland; Plaintiff's claims against Butler and Reece in their individual capacities; Plaintiff's claims against Butler and Reece in their official capacities; and Plaintiff's claim against Butler and Reece for their alleged retaliatory conduct.

(a)     *Request for Punitive Damages*

In his complaint, Plaintiff seeks an award of punitive damages under Title II of the ADA. However, it is a well-established principle of law that punitive damages are not available under Title II of the ADA.  *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).  Therefore, Defendants' motion to dismiss Plaintiff's request for punitive damages against all named defendants is granted.

(b)     *Plaintiff's Suit Against Barce & Reece, P.C.*

Plaintiff's complaint also names the law firm of Barce & Reece, P.C., as a Defendant. However, there are no allegations on the face of Plaintiff's Amended Complaint alleging any activity on the part of Barce & Reece that would implicate liability under Title II of the ADA. Therefore, the law firm of Barce & Reece is dismissed from this case.

(c)     *Plaintiff's Suit Against Butler and Reece in their Individual Capacities*

Individually named Defendants are not subject to this lawsuit.  On its face, Title II of the ADA does not authorize suits against individual officials.  *See Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds *by Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 (2001)).  Because Title II of the ADA forbids discrimination "by any public entity," Plaintiff's ADA claim against Defendants Butler and Reece must be dismissed.

(d)     *Plaintiff's Suit Against Butler and Reece in their Official Capacities*

Defendants argue that this Court must dismiss Plaintiff's suit against Butler and Reece in their official capacities; however, Plaintiff concedes that he is not suing Butler and Reece in their

official capacities (Pl.'s Resp. to Def.s' Mot. to Dismiss Pl.'s First Am. Compl. ¶¶ 11–14). Instead, Plaintiff is suing the Town of Goodland for its actions, which Plaintiff claims violated his rights under Title II of the ADA.

(e)  *Plaintiff's Suit Against Butler and Reece for their Alleged Retaliation*

Defendants next argue that this Court must dismiss Plaintiff's suit against Butler and Reece for their alleged retaliatory conduct. The ADA prohibits a person from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or . . . has made a charge [under the ADA]." 42 U.S.C. § 12203(a). In this case, Plaintiff claims that Butler and Reece retaliated against him during the evidentiary hearing for two reasons: first, because Plaintiff requested accommodation at the evidentiary hearing, and second, because Plaintiff has sued Defendants in another matter which was pending at the time of the evidentiary hearing.[3]

Plaintiff's allegation that Defendants retaliated against him because he had previously brought suit against Defendants in a matter not involving the ADA fails to state a valid claim. The ADA prohibits a person from discriminating against any individual because such individual has "opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). *See Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1117 (7th Cir. 2001) ("The ADA only prohibits retaliation for opposing or complaining about disability discrimination."); *see also Small v. WW Lodging, Inc.*, 106 Fed. Appx. 505 (7th Cir. 2004) (filing an application for employment benefits was not protected activity under the ADA). Similarly, in this case, suing for Fourth Amendment violations is not a statutorily protected activity under the ADA.

---

[3] Plaintiff has sued Defendant Town of Goodland for an alleged Fourth Amendment violation. Hunter Reece was also named as Defendant in this matter; however, he was dismissed from the suit.

Therefore, to the extent that Plaintiff claims that Defendants may be held liable for retaliating against him because he had previously filed suit against them in a matter not arising under the ADA, Plaintiff's claim is dismissed.

However, Plaintiff's claim that Defendants ejected him from the hearing to retaliate against him for his request for accommodation survives Defendants' Motion to Dismiss. *See Cassimy v. Bd. of Educ. of Rockford Pub. Sch.*, 461 F.3d 932, 938 (7th Cir. 2006) (recognizing that requesting an accommodation is statutorily protected activity under the ADA). In this case, Plaintiff has alleged that he engaged in statutorily protected expression when he requested accommodation for his hearing disability. Second, Plaintiff contends that he was "forcibly ejected" from the Town Hall meeting room following his request for accommodation. Finally, Plaintiff has adequately alleged a causal link between protected expression and adverse action by contending that he was removed from the hearing because of his request for the hearing accommodation. Consequently, Plaintiff's claim that Defendants violated Title II of the ADA by retaliating against him because of his request for a hearing accommodation prevails.

**D.     Conclusion**

The Court:

- Strikes the Background section of Plaintiff's Amended Complaint;

- Strikes Exhibits A and B from Plaintiff's Amended Complaint;

- Denies Plaintiff's Motion for Default Judgment;

- Grants Defendant's Motion to Dismiss Plaintiff's request for punitive damages;

- Grants Defendants Motion to Dismiss Plaintiff's suit against James Butler and Hunter Reece in their individual capacities;

- Denies Defendants' Motion to Dismiss to the extent that Plaintiff's Complaint alleges that Defendants retaliated against Plaintiff in response to Plaintiff's request for accommodation;

- Grants Defendants' Motion to Dismiss to the extent that Plaintiff's Complaint alleges that Defendants retaliated against Plaintiff in response to Plaintiff's previously filed suit against Defendants.

The Court orders the Clerk to term the pending motions in Docket Entries 24, 36, 37, and 42.

SO ORDERED on February 16, 2012.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE